UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MITCHELL THOMPSON,

        Plaintiff,

    v.

MATTHEW FAIRALL, et. al.,

        Defendants.

No.  2:26-cv-01887-DJC-CKD (PS)

ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND

Plaintiff Mitchell Thompson proceeds pro se in this action which is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b). Plaintiff has filed an application in support of his request to proceed in forma pauperis which makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) The request will be granted.

## I.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

*See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

## II.    ALLEGATIONS IN THE COMPLAINT

Plaintiff's Complaint names Matthew Fairall, Fairall Family, Maximillo Trujillo, Trujillo Family, Lauren O'Neill, O'Neill Family, Jimm Groupe, Steven Gillmore, Celestial Thomas, and Chris Bell as defendants. (ECF No.1.) Plaintiff alleges the Court has subject matter jurisdiction over this action based on a "Federal question," asserting violations of Title 18 USC §§ 373, 2340, 2261A, 2242, 33, 241, 211, 2311, and many others. *Id*. at 8. The remainder of the Complaint alleges a myriad of issues including "fraud and related activity in connection with access devices," "destruction of motor vehicles through reckless endangerment," "commercial appropriation unauthorized use of [his] likeness," "illegal search of private property," "civil rights offenses involving sexual misconduct," and "solicitation to commit crime of violence." *Id*. at 6-7.

## III.    PLEADING STANDARDS

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57

(2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

## IV. THE COMPLAINT FAILS TO SET FORTH A BASIS FOR FEDERAL JURISDICTION AND FAILS TO STATE A CLAIM

Plaintiff alleges his claims have federal jurisdiction. (ECF No. 1 at 1.) However, he fails to allege any federal claims against the defendants beyond listing a series of statutes and providing vague allegations which purport to relate to the named defendants. Moreover, it is unclear from the face of the Complaint whether there is diversity of citizenship among the parties. Plaintiff may litigate his claims in federal court if he can establish diversity of citizenship, meaning, "the matter in controversy exceeds the sum or value of $75,000… and is between citizens of different states." 28 U.S.C. § 1332.

Further, the Complaint's vague allegations fail to give fair notice of any cognizable claims and the grounds on which they rest. Because it fails to plead adequate facts to support any cause of action, the Complaint must be dismissed. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

## V. CONCLUSION

The Complaint must be dismissed, but Plaintiff is granted leave to file an amended complaint. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). If

plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the deficiencies identified herein. Plaintiff is informed that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). In the alternative, plaintiff may file a notice of voluntary dismissal if plaintiff is unable or unwilling to cure the complaint's deficiencies.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend;

3. Plaintiff is granted thirty (30) days from the date of service to file an amended Complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  May 26, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ckd.thom.1887.scn

4