UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL THOMPSON, et al.,<br>Plaintiff,<br>v.<br>MATTHEW FAIRALL, et al.,<br>Defendant. | No. 2:26–cv–01887–DJC–CKD (PS)<br><br>FINDINGS & RECOMMENDATIONS<br>(ECF Nos. 4, 6) |

Plaintiff Mitchell Thompson proceeds pro se in this action which is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b). On May 26, 2026, the court granted plaintiff's application to proceed in forma pauperis and dismissed the original complaint with leave to amend. (ECF No. 3.) The court proceeds to screen the first amended complaint.

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454

U.S. 364, 365 (1982) (per curiam).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (explaining that a court should briefly explain a pro se litigant's pleading deficiencies when dismissing a complaint with leave to amend) (superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

**ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

Despite the original complaint being dismissed for failure to state a claim, the allegations in the first amended complaint remain difficult to follow. It is unclear how many individuals are named defendants in this action and how each defendant's actions contributed to plaintiff's injury.

Plaintiff appears to allege that defendants Matthew Fairall and his mother, Mrs. Fairall,

conspired to murder plaintiff. (ECF No. 4 at 2.) Plaintiff alleges that on August 5, 2021, defendant Matthew Fairall struck him in the head with a leaded cane "half a dozen times." Id. Plaintiff appears to allege he left his wounds untreated for 48 hours before being treated. Id. The first amended complaint proceeds to allege a litany of violations pursuant to federal and state statutes but appears to principally allege a claim under Federal Tort Claims Act and municipal liability under 42 U.S.C. § 1983. Id. at 1.

**DISCUSSION**

**A. Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and can only adjudicate those cases which the United States Constitution and Congress authorize the courts to adjudicate. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The presumption is that federal courts lack subject matter jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Id.

The court has considered whether the first amended complaint states a Federal Tort Claims Act ("FTCA") or civil rights violation under 42 U.S.C. § 1983 such that this action arises under the Constitution, laws, or treaties of the United States, giving rise to federal question jurisdiction. See 28 U.S.C. § 1331.

While it is unclear which actor plaintiff intended to bring his FTCA claim against, claims against the United States and its agencies are generally barred by sovereign immunity. See Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001). As a sovereign, the United States is immune from suit unless it has waived immunity. See United States v. Mitchell, 463 U.S. 206, 212 (1983).

The FTCA provides a limited waiver of the government's sovereign immunity for certain tort claims "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). As a jurisdictional prerequisite, however, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. McNeil v. United States, 508 U.S. 106, 113 (1993). Pursuant to 28 U.S.C. § 2675(a), an action shall not be instituted upon a claim against the United States for money damages for an employee's negligence unless the claimant

has first presented the claim to the appropriate federal agency and his claim was finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. McNeil, 508 U.S. at 113.

While plaintiff alleges he is suing an unspecified defendant under the FTCA, he does not allege whether he has exhausted administrative remedies to be able to bring this claim. Therefore, the court lacks subject matter jurisdiction to hear plaintiff's FTCA claim.

As explained below, plaintiff also fails to state a section 1983 claim against defendants, so federal question jurisdiction is not established at this time. Additionally, like the original complaint, it is still unclear whether there is diversity of citizenship among the parties. Plaintiff may litigate his claims in federal court if he can establish diversity of citizenship, meaning, "the matter in controversy exceeds the sum or value of $75,000… and is between citizens of different states." 28 U.S.C. § 1332.

### B. Failure to State a Claim

The court has reviewed the first amended complaint and the attached exhibit. The court cannot discern the underlying factual basis for the claims plaintiff is attempting to plead or what relief plaintiff seeks. Although the court liberally construes plaintiff's pro se complaint, even a pro se litigant's complaint must give fair notice and set forth the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984); Fed. R. Civ. P. 8(a)(2).

Under 42 U.S.C. § 1983, local government municipalities and private entities that act under color of state law may be liable for a constitutional injury caused by employees acting pursuant to the municipality's policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). To raise a Monell claim, a plaintiff must allege facts in a complaint "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam) (citations omitted). In addition, a plaintiff must allege facts

demonstrating that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Here, plaintiff alleges an unnamed police defendant violated his First, Fourth, and Eighth Amendment Constitutional rights via a policy of "surveillance," "conditions of confinement," and "humiliation." (ECF No. 4 at 15.) However, the first amended complaint does not set forth facts to plausibly suggest plaintiff suffered harm caused by a defendant's policy or custom. The first amended complaint fails to state a cognizable claim for relief under 42 U.S.C. § 1983.

**C. Leave to Amend**

For the reasons set forth above, plaintiff fails to state a Federal Tort Claims Act and section 1983 cause of action against the defendants in the first amended complaint. As discussed in plaintiff's original complaint, plaintiff had failed to state a claim under Federal Rule of Civil Procedure 8 pleading standards, the first amended complaint continues to be filled with a litany of claims against an unspecified number of defendants. The court concludes leave to amend would be futile. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (leave to amend shall be freely given, but the court does not have to allow futile amendments). The first amended complaint should be dismissed without further leave to amend. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

**PLAINTIFF'S REQUEST FOR DISMISSAL OF DEFENDANTS**

On August 20, 2026, plaintiff filed a request for dismissal of defendants Joe Biden, Steve Gillmore, Mee Yang, Chris Bell, and Celestial Thomas. (ECF No. 6.) Because the FAC is dismissed without leave to amend, there is no longer an operative complaint, and plaintiff's request should be denied as moot.

**CONCLUSION**

Accordingly, it is HEREBY RECOMMENDED that:

1. The first amended complaint (ECF No. 4) be DISMISSED without leave to amend;
2. Plaintiff's motion to dismiss defendants (ECF No. 6) be DENIED as moot; and

3. The clerk of the court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 10, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, thom.26cv1887